UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PEDRO SALOME,

                              Plaintiff,

                  -against-                     **REPORT & RECOMMENDATION**
                                                                   24 CV 4659 (AMD) (CLP)
METRO CHEESE INC., MICHAEL CIARAVINO,

                              Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On July 2, 2024, plaintiff Pedro Salome, on behalf of himself and other similarly situated employees, commenced this action against corporate defendant Metro Cheese Inc. ("Metro Cheese") and individual defendant Michael Ciaravino, alleging overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; underpaid overtime wage violations under New York Labor Law §§ 190, *et seq.*, failure to provide notice at time of hiring under New York Labor Law § 195(1), and a failure to provide accurate wage statements under New York Labor Law § 195(3). (See ECF No. 1, "Compl.").

       On referral from the Honorable Ann M. Donnelly is plaintiff's motion for default judgment against Metro Cheese (ECF No. 28). (See Electronic Order, dated June 18, 2025). For the reasons set forth below, the Court respectfully recommends that plaintiff's motion for default judgment be denied without prejudice to refile in accordance with Rules 7.1 and 55.1 of the Local Civil Rules of the Eastern and Southern Districts of New York.

FACTUAL AND PROCEDURAL BACKGROUND

       Plaintiff Salome alleges that he worked as a driver delivering dairy products for defendant Metro Cheese, a New York corporation. (Compl. ¶ 1). Plaintiff alleges that Metro

1

Cheese willfully failed to pay required overtime wages, in a period ranging from February 2020 to March 2024. (Id. ¶¶ 1-3). Plaintiff alleges that Metro Cheese also required other employees to work without overtime compensation. (Id. ¶ 4). Metro Cheese also allegedly failed to provide written notice of wage rates in violation of federal and state law. (Id. ¶ 5). This lack of transparency caused plaintiff injury in the form of "financial loss due to unpaid wages, emotional distress due to the uncertainty and confusion regarding his remuneration, and confusion as it obstructed his ability to accurately calculate his owed wages." (Id.)

Plaintiff initiated this action on behalf of himself and other similarly situated individuals on July 2, 2024. (See ECF No. 1). On December 13, 2024, defendants filed an answer to the Complaint. (ECF No. 14). On January 21, 2025, defendants provided notice to the Court that defendant Ciaravino had filed for bankruptcy in the United States Bankruptcy Court of the Eastern District of New York (ECF No. 16), and the case was automatically stayed with respect to Mr. Ciaravino. (Electronic Order, dated January 22, 2025). The action was set to continue as to corporate defendant Metro Cheese. (Id.) On February 24, 2025, plaintiff submitted a status report indicating that he intended to proceed with his claim against Metro Cheese. (ECF No. 18).

On March 24, 2025, counsel for Metro Cheese submitted a motion to withdraw as attorney. (ECF No. 19). On April 14, 2025, the Court granted the motion to withdraw and provided Metro Cheese with 30 days to retain new counsel. (ECF No. 22). The Court order stated that plaintiff would be entitled to seek an entry of default against Metro Cheese if it did not retain counsel by May 14, 2025, as corporations cannot proceed *pro se* in federal court. (Id. (citing La Barbera v. Federal Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009)). On May 28, 2025, plaintiff's counsel indicated that no notice of appearance had been filed on

2

behalf of Metro Cheese, and requested permission from the Court to move for default. (ECF No. 24). The Court granted this request on May 29, 2025, and ordered plaintiff to seek an entry of default and thereafter move for default judgment against defendant Metro Cheese. (ECF No. 25).

On June 5, 2025, plaintiff filed a request for certificate of default. (ECF No. 26). On June 11, 2025, plaintiff filed a request for sum certain default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). (ECF No. 27). On June 16, 2025, the Clerk of Court denied plaintiff's request for sum certain default judgment because an action brought under the Fair Labor Standards Act requires judicial approval of any settlement or award of damages, and therefore is not a request for a "sum certain." (See Electronic Order, dated June 16, 2025).

On June 17, 2025, the Clerk of Court denied plaintiff's request for certificate of default because Local Rule 55.1(a)(4) requires that a certificate of service be accompanied with the request. (See Electronic Order, dated June 17, 2025). The Clerk of Court directed plaintiff to refile the request for Certificate of Default, but plaintiff failed to do so. (Id.) On June 18, 2025, plaintiff filed a motion for default judgment (ECF No. 28), which was thereafter referred to the undersigned.

## DISCUSSION

I. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-part procedure for entering a default judgment. First, the Clerk of Court enters a default by noting the defaulting party's failure to respond or appear. Id. Second, if the defaulting party fails to vacate the entry of default pursuant to Rule 55(c), the

appearing party may seek a default judgment to establish liability and, if proven, damages. Fed R. Civ. P. 55(b).

In determining whether a default judgment should be entered, the Second Circuit has cautioned that a default judgment is an "extreme sanction" that "must remain a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Sheet Metal, Air, Rail & Transp. Workers Loc. Union No. 127 v. Frank Torrone & Sons, Inc., No. 15 CV 2224, 2018 WL 4771897, at *4 (E.D.N.Y. Oct. 3, 2018), adopting report and recommendation, 2018 WL 6161655 (E.D.N.Y. Sept. 4, 2018). While the Second Circuit has recognized the pressure on District Courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit instructs district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993); see also Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored" and "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; see also Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts must "supervise default judgments with extreme care to avoid miscarriages of justice"). Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must." Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in

default, see, e.g., id., and courts have significant discretion in deciding whether to enter default judgment, see Jeremiah v. 5 Towns Jewish Times, Inc., 2023 WL 6593997, at *2.

The burden is on the plaintiff to establish his entitlement to recovery. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). When a default judgment is entered, the defendants are deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, but not those related to damages. See id.; Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

II.   Analysis

Before recommending that the court enter default judgment, this Court must determine if plaintiff has complied with the procedural requirements of the Local Civil Rules of the Eastern and Southern Districts of New York (the "Local Civil Rules"). Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) (holding that "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules"); see also Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) (holding that "[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution").

Under Federal Rule of Civil Procedure Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Local Civil Rule 55.1(a)(4) mandates that a party seeking entry of default under Fed. R. Civ. P. 55(a) must file a "a certificate of service showing that [a 'Request to Enter Default,' an affidavit or declaration showing that the requirements of Fed. R. Civ. P. 4 for service or waiver of service has been satisfied, and a proposed 'Clerk's Certificate of Default'] have been personally served on, or

5

mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default is sought." Local Civil Rule 55.1(a)(4).

On June 17, 2025, the Clerk of Court denied plaintiff's request for a certificate of default. (See Electronic Order, dated June 17, 2025). The Clerk of Court informed plaintiffs that, pursuant to Local Civil Rule 55.1(a)(4), a certificate of service must be accompanied with a request for Certificate of Default, showing that the documents had been personally served on or mailed to the party against whom default is sought. (Id.) The Clerk of Court requested that plaintiff refile the request for a Certificate of Default with an accompanying certificate of service. (Id.)

Plaintiff did not correct this filing error. Instead, the next day, plaintiff filed a motion for default judgment. (See ECF No. 28). The plaintiff's motion papers repeatedly misrepresent that the Clerk of Court had issued a Certificate of Default. (See, e.g., ECF No. 28-1 at 2 (stating that: "When Defendant failed to appear and/or defend by the May 14, 2025 cutoff date, Plaintiff applied for a Clerk's Certificate of Default with respect to Defendant METRO CHEESE, which was issued on April 25, 2025 (ECF No. 26)"); ECF No. 28-1 at 4 (representing: "As appears from the Court's docket, Defendants METRO CHEESE defaulted in defending and the Clerk of the Court appropriately issued a Certificate of Default on June 5, 2025 (ECF No. 23)"); ECF No. 28-3 ¶ 9 (claiming: "Plaintiff applied for a Clerk's Certificate of Default with respect to Defendant Metro Cheese, which was issued on April 25, 2025 (ECF No. 26)")).[1] By citing to ECF No. 26, it appears that plaintiff may have misconstrued his own request for a Certificate of

---

[1] It appears from the docket that the Request for Certificate of Default by Pedro Salome (ECF No. 26) was filed on June 5, 2025. There is no docket entry dated April 25, 2025. In any case, both dates are inaccurate as the Clerk of Court has not issued a Certificate of Default.

6

Default as the Clerk of Court's grant of a Certificate of Default, and/or simply overlooked the Clerk of Court's Order denying his request and directing him to refile.

Further, pursuant to Local Civil Rule 55.2(a), a movant's motion for default judgment must append "(1) an affidavit or declaration showing that: (A) the clerk has entered default under Local Civil Rule 55.1; (B) the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521; and (C) the party against whom judgment is sought is not known to be a minor or an incompetent person, . . ." as well as "a proposed order detailing the proposed judgment to be entered[.]" Here, plaintiff has not complied with Local Civil Rule 55.2(a), as he has not included in the provided affidavit the statements required in Rule 55.2(a)(1)(B) and (C) pertaining to the Servicemember Civil Relief Act and their knowledge of defendant's status as a minor or incompetent person. Furthermore, plaintiff's representations as to Local Civil Rule 55.2(a)(1)(A) are clearly inaccurate because the Clerk of Court has not actually entered default under Local Civil Rule 55.1. In conclusion, the plaintiff's motion fails to comply with the Local Civil Rules.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motion for default judgment be denied at this time without prejudice and with leave to renew in compliance with this Report and Recommendation and the Court's Local Civil Rules.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d

Cir. 2008). Plaintiff is Ordered to serve this Report and Recommendation on defendant and file proof of service on the docket within one week.

    **SO ORDERED.**

Dated: Brooklyn, New York
       October 30, 2025

                                    /s/ Cheryl L. Pollak
                                    Cheryl L. Pollak
                                    United States Magistrate Judge
                                    Eastern District of New York