UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**PEDRO SALOME**, :
:
Plaintiff, :
: **ORDER ADOPTING REPORT**
– against – : **AND RECOMMENDATION**
:
: 24-CV-4659 (AMD) (CLP)
**METRO CHEESE INC.** and **MICHAEL** :
**CIARAVINO**, :
:
Defendants. :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On July 2, 2024, the plaintiff, on behalf of himself and other similarly situated employees, brought this case against the defendants, his former employers, alleging violations of the Fair Labor Standards Act and New York Labor Law. (ECF No. 1.)

The plaintiff served Metro Cheese Inc. and its owner, Michael Ciaravino on July 11, 2024, making their answers due on August 1, 2024. (ECF Nos. 7, 8.) On August 8, 2024, after the defendants failed to answer the complaint, the plaintiff filed a request for certificate of default, and the Clerk of the Court entered default on August 12, 2024. (ECF Nos. 9, 10.) On August 26, 2024, the parties filed a joint stipulation agreeing to set aside the Clerk's Entry of Default and extend the deadline for the defendants to answer the complaint. (ECF No. 11.) The defendants answered the complaint on December 13, 2024. (ECF No. 14.) On January 21, 2025, the defendants notified the Court that Ciaravino filed for bankruptcy in the United States Bankruptcy Court in this district. (ECF No. 16.) The Court automatically stayed the case against Ciaravino but directed that the case proceed against Metro Cheese. (*ECF Order dated Jan. 22, 2025.*) In a February 24, 2025 status report, the plaintiff advised the Court that he intended to proceed against Metro Cheese. (ECF No. 18.)

On March 24, 2025, counsel for Metro Cheese moved to withdraw as counsel. (ECF No. 19.) On April 14, 2025, Magistrate Judge Cheryl L. Pollak granted the motion and gave Metro Cheese 30 days to retain new counsel. (ECF No. 22.) In addition, Judge Pollak noted that the plaintiff could seek an entry of default against Metro Cheese if it did not retain counsel by May 14, 2025, as corporations cannot proceed *pro se* in federal court. (*Id.* at 1 (citing *La Barbera v. Federal Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009)).) No attorney filed a notice of appearance on Metro Cheese's behalf. Accordingly, on May 28, 2025, plaintiff's counsel asked for permission to move for default. (ECF No. 24.) Judge Pollak granted this request on May 29, 2025, and ordered the plaintiff to seek an entry of default and move for default judgment against the defendant Metro Cheese. (ECF No. 25.)

On June 5, 2025, the plaintiff filed a request for a certificate of default, (ECF No. 26), and on June 11, 2025, requested a sum certain default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) (ECF No. 27). On June 16, 2025, the Clerk of Court denied the plaintiff's request for sum certain default judgment because an action brought under the Fair Labor Standards Act requires judicial approval of any settlement or award of damages and therefore is not a request for a "sum certain." (*ECF Order dated June 16, 2025.*)

The Clerk also denied the plaintiff's request for certificate of default because Local Rule 55.1(a)(4) requires that a certificate of service be accompanied with the request. (*ECF Order dated June 17, 2025.*) The Clerk of Court directed the plaintiff to refile the request for Certificate of Default (*id.*), but the plaintiff did not do so. On June 18, 2025, the plaintiff moved for default judgment. (ECF No. 28.) The Court referred the motion to Judge Pollak the same day. (*ECF Order dated June 18, 2025.*)

On October 30, 2025, Judge Pollak issued a Report and Recommendation in which she recommended that the Court deny the plaintiff's motion for default judgment without prejudice and with leave to renew in compliance with the Report and Recommendation and the Court's Local Civil Rules.  (ECF No. 29.)  Judge Pollak found that the plaintiff did not comply with the Court's Local Rules.  In particular, the plaintiff did not file a certificate of service when he requested a Certificate of Default, as required by Local Civil Rule 55.1(a)(4).  (ECF No. 29 at 6–7.)  He also represented that the Clerk of Court had issued a certificate of default when it had not.  Finally, he did not "include[ ] in the provided affidavit the statements required in Rule 55.2(a)(1)(B) and (C) pertaining to the Servicemember Civil Relief Act and their knowledge of defendant's status as a minor or incompetent person." (*Id.*)  Accordingly, Judge Pollak recommending denying the plaintiff's motion for default judgment without prejudice and with leave to renew.  No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  To accept a Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court has carefully reviewed Judge Pollak's well-reasoned Report and Recommendation and finds no error.  Accordingly, the Report and Recommendation is adopted in its entirety.  The plaintiff's motion for default judgment is denied without prejudice and with

leave to renew in compliance with the Report and Recommendation and the Court's Local Civil Rules.[1]

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
        November 24, 2025

---

[1] On November 6, 2025, the plaintiff requested a Certificate of Default and filed an affidavit of service with that request. (ECF Nos. 30, 31.)